UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daniel Pena Ramirez,                                               Civil No. 11-2931 PJS/AJB

                  Plaintiff,

v.                                                               **REPORT AND RECOMMENDATION**
                                                                   **ON MOTION TO DISMISS OR FOR**
United States of America,                               **SUMMARY JUDGMENT**

                  Defendant.

This matter is before the Court, Chief Magistrate Judge Arthur J. Boylan, 300 South Fourth Street, Minneapolis, Minnesota 55415, on defendant United States of America's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), lack of subject matter jurisdiction, and Rule 12(b)(6), failure to state a cause of action, or alternatively, for summary judgment under Fed. R. Civ. P. 56 [Docket No. 25]. Plaintiff Daniel Ramirez is a federal prisoner incarcerated at the Federal Correctional Institution at Sandstone, Minnesota. The prisoner has filed a pro se complaint under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, et seq.,[1] for medical malpractice-denial of medical care, and he further seeks injunctive relief[2] on a claim for medical treatment for himself and other inmates. Specifically, Mr. Ramirez is seeking surgical removal of a lesion on his right cheek at the corner of his mouth, as well as monetary damages. Defendant contends that the court lacks jurisdiction to compel surgical treatment for the lesion in a claim for mandamus relief, and plaintiff has failed to submit affidavits of expert review on his

---

[1] Plaintiff also references 18 U.S.C. § 4042 (incorrectly cited as 28 U.S.C. § 4042), generally relating to duties of the BOP to manage Federal penal institutions, as a basis for his claim of failure to provide medical care.

[2] Defendant characterizes and addresses the claim for injunctive relief as a claim in the nature of mandamus. Plaintiff does not dispute that characterization.

FTCA medical malpractice claim, as required under Minnesota law.

This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. The defendant does not dispute that plaintiff Ramirez's medical malpractice claim is properly presented in an FTCA action and further recognizes and addresses his claim for mandamus relief. Defendant also expressly acknowledges that the United States of America is the proper named defendant, and that plaintiff has exhausted FTCA administrative remedies.[3] For reasons discussed below the magistrate judge concludes that defendant's motion for summary judgment should be granted and that claims against the defendant United States of America should be dismissed with prejudice.

**Background and Claims**

Plaintiff Daniel Ramirez commenced this action by complaint filed October 5, 2011. The prisoner drafted a detailed pleading in which he specifically stated this case was brought under the FTCA; he recited facts regarding his condition and medical diagnoses and treatment; he asserted a jurisdictional basis and identified the parties in the suit; and he alleged facts, a cause of action, and demands for monetary and injunctive relief. He also attached administrative review documents and exhibits relating to diagnoses.

In January 2010, the plaintiff was temporarily incarcerated at FCI-Terre Haute, to commence a sentence on a drug conviction in the Southern District of Iowa, pending designation to another facility. While there he complained to facility medical staff that he was experiencing

---

[3] Defendant's Memorandum in Support of Motion to Dismiss or for Summary Judgment, Ex. 1 [Docket No. 27].

discharge of pus and/or blood from a growth at the corner of his mouth, and the discharge interfered with daily activities such as eating, speaking, sleeping and hygiene. Mr. Ramirez was subsequently transferred to FCI-Sandstone and was given an intake health screening by Steven VavRosky, R.N., upon arrival on February 1, 2010.[4] The growth was noted and described as a lesion. Mr. Ramirez reported that the lesion had been there for more than a year and there was periodic drainage.[5] He was given instructions on how to request and obtain medical services.[6]

On February 23, 2010, plaintiff was seen by Jim Edmond, a physician's assistant at FCI-Sandstone, for assessment of the lesion. Ramirez denied any increase in size, but stated that it sometimes filled with pus.[7] Edmond provisionally diagnosed the growth as a large nevus[8] versus a cancerous lesion.[9] Nonetheless, Edmond submitted a request for a dermatology consultation to the Utilization Review Committee (URC).[10] The request for an outside consultation was initially put on hold at a URC meeting on March 8, 2010, but was subsequently approved on March 22, 2010.[11]

An outside consultation and examination by Dr. Thomas Holm at St. Luke's

---

[4] Decl. of Steven VavRosky, ¶ 4 [Docket No. 28].

[5] Id.

[6] Id., Attach. A.

[7] Decl. of Jim Edmond, ¶ 4 , Attach. A [Docket No. 29].

[8] A nevus is a congenital pigmented area on the skin; birthmark, mole. Webster's Third New International Dictionary (unabridged), Merriam Webster, Inc., 1993, page 1522.

[9] Decl. of Jim Edmond, ¶ 4 , Attach. A.

[10] Id.

[11] Id., ¶ 6, Attach. C.

Dermatology Associates took place on April 19, 2010.[12] Dr. Holm communicated with the plaintiff with the assistance of Spanish speaking staff members, including Dr. Edgar Saldana, who also examined the lesion. The plaintiff indicated to the doctors that the lesion had been present for as long as he could remember, and may be congenital, but recently had felt puffy and was a nuisance to him.[13] Dr. Holm and Dr. Saldana agreed that a biopsy would be prudent and a specimen of the lesion tissue was obtained for testing.[14] It was also noted the removal might be somewhat difficult.[15] The biopsy revealed that the lesion itself was a benign compound nevus, with a likely a benign cystic type lesion underneath. In a letter dated May 1, 2010, with an attached biopsy report, Dr. Holm stated that, depending upon symptoms, the compound lesion could either be left alone or removed.[16]

It is plaintiff Daniel Ramirez's claim in this action that the BOP, through its officers and employees, has breached its duty to provide adequate care and safekeeping by way of customs, practices, and procedures denying adequate medical care.[17] He further asserts that he has suffered physical injury, emotional distress, and pain and suffering as a result of defendant's deliberate indifference and negligence.[18] Defendant United States moves to dismiss the FTCA

---

[12] Decl. of Jim Edmond, ¶ 7, Attach. D.

[13] Id, Attach. D.

[14] Id.

[15] Id.

[16] Id., Attach. E.

[17] Civil Action Compl., pp. 1 and 5-6 [Docket No. 1].

[18] Id., pp. 6-7.

4

action on grounds that plaintiff has failed to comply with applicable Minnesota state law requiring the plaintiff in a medical malpractice claim to produce affidavits of expert review. Minn. Stat. § 145.682. Defendant further contends that the court lacks jurisdiction to grant relief in the nature of mandamus, and injunctive relief cannot be granted in the absence of evidence that removal of the lesion is medically necessary.[19]

**Standard of Review**

**Rule 12(b)(1): Subject Matter Jurisdiction.** Defendant asserts that the court lacks subject matter jurisdiction to grant mandamus relief on plaintiff's demand that the BOP provide for surgical removal of the growth on his cheek. On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction the defendant must successfully challenge the complaint either on its face or through an attack on truthfulness of the factual allegations. Ringsred v. City of Duluth, 187 F. Supp.2d 1141, 1153 (D. Minn. 2001). In a facial challenge to subject matter jurisdiction the fact allegations are accepted as true and court merely asks whether jurisdiction exists under the circumstances. Id. (citing Deuser v. Vecera, 139 F.3d 1190, 1191 (8th Cir. 1998) and Berkovitz v. United States, 486 U.S. 531, 540, 108 S.Ct. 1954 (1988)). In a challenge to jurisdiction under Rule 12(b)(1) the court may consider matters outside the pleadings. Id. (citing Deuser v. Vecera, 139 F.3d at 1191 n.3). Defendant contends that the court does not have subject matter jurisdiction because the United States has not waived sovereign immunity on a claim for mandamus relief.

**Rule 12(b)(6): Failure to State a Cause of Action.** Defendant moves to dismiss plaintiff FTCA claim for damages on grounds that he fails to state a cause of action under

---

[19] Defendant's Motion to Dismiss or for Summary Judgment [Docket No. 25].

5

circumstances in which he has failed to comply with expert review requirements for a medical malpractice claim under Minn. Stat. § 145.682. Defendant alternatively moves for summary judgment on the FTCA claim.

A complaint that is being challenged on motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) does not need to contain detailed factual allegations to survive the motion, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). A complaint must contain sufficient facts to state a claim that is not merely conceivable, but rather, is plausible. Twombly, 127 S.Ct. at 1974. When reviewing a motion to dismiss, the claim must be liberally construed, assuming the facts alleged therein to be true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 127 S.Ct. at 1964-65. A complaint should not be dismissed simply because a court is doubtful that the plaintiff will be able to prove all of the factual allegations contained therein. Id. Accordingly, a well-pleaded complaint will survive a motion to dismiss even where the likelihood of recovery appears remote. Id. at 1965. However, a plaintiff cannot rely upon general and conclusory allegations to survive a Rule 12(b)(6) motion. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

**Rule 56: Summary Judgment.** When matters outside the pleadings are presented with a Rule 12(b)(6) motion, and those matters are not excluded by the court, the motion should be treated as a Fed. R. Civ. P. 56 motion for summary judgment. However, on a motion to dismiss for failure to state a claim, the court may consider extraneous materials that are outside the complaint if such materials are "necessarily embraced" by the pleadings. Piper

6

Jaffray v. Nat'l Union Fire Insur. Co., 967 F. Supp. 1148, 1152 (D. Minn. 1997) (citing Vizenor v. Babbitt, 927 F. Supp. 1193, 1198 (D. Minn. 1996)). See also Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 n.9 (8th Cir. 1997). Materials which are necessarily embraced by pleadings may include copies of underlying pleadings and documents incorporated by reference. Piper Jaffray, 967 F. Supp at 1152. In addition, materials which are public record may be considered in deciding a motion to dismiss. E.E.O.C. v. Am. Home Prod., Corp., 199 F.R.D. 620, 627 (N.D. Iowa 2001) (citing Missouri ex rel. Nixon v. Coeur d'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999)). On the other hand, "written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleading," may be construed as "matters outside the pleadings," requiring treatment of the motion as one for summary judgment. Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 948 (8th Cir. 1999). Plaintiff argues that expert evidence, including an affidavit of expert review, is not necessary to demonstrate factual grounds for malpractice liability under circumstances in which in the lesion is leaking blood and pus and leaving tiny holes, and the BOP has a statutory obligation to provide adequate medical treatment to inmates. Plaintiff also contends that he has provided sufficient expert evidence in form of a dermatology report which references discussion by examining physicians regarding surgical removal of the lesion.

In support of its motion to dismiss the United States has submitted memorandum exhibits which include medical notes and reports that are pertinent to claims in this case. In addition, the defendant has provided the Declaration of Steven VavRosky, with attached medical records, and the Declaration of Jim Edmond, including attached medical records. Also, the record contains exhibits submitted by the plaintiff as attachments to his complaint as well as in

7

opposition to defendant's motion to dismiss. Based upon the submissions by both parties of matters outside the pleadings, the court will construe the present motion to dismiss the FTCA action as one for summary judgment.[20]

**Medical Malpractice**

Plaintiff Daniel Ramirez asserts, and defendant acknowledges, that 28 U.S.C. § 4042 places a duty on the BOP to provide inmates with adequate medical care. Likewise, it is not disputed that an action for breach of the duty to provide medical care is properly brought under the FTCA. In its consideration of a medical negligence action under the FTCA the court applies the law of the state in which the alleged tort occurred. Oslund v. United States, 701 F. Supp. 710, 712 (D. Minn. 1988) (citing Mandel v. United States, 793 F.2d 964, 968 (8th Cir. 1986)). Minnesota law pertaining to medical malpractice suits at Minn. Stat. § 145.682[21]

---

[20] There is substantial duplication of document exhibits, and several additional exhibits pertain to administrative appeals and exhaustion of administrative remedies which are not subjects of dispute.

[21] Minn. Stat. §145.682 (2002) states in pertinent part:

> **Subd. 1. Definition.** . . . .
>
> **Subd. 2. Requirement.** In an action alleging malpractice, error, mistake, or failure to cure, whether based on contract or tort, against a health care provider which includes a cause of action as to which expert testimony is necessary to establish a prima facie case, the plaintiff must: (1) unless otherwise provided in subdivision 3, paragraph (b), serve upon defendant with the summons and complaint an affidavit as provided in subdivision 3; and (2) serve upon defendant within 180 days after commencement of the suit an affidavit as provided by subdivision 4.
>
> **Subd. 3. Affidavit of expert review.** The affidavit required by subdivision 2, clause (1), must be by the plaintiff's attorney and state that:
>
> (a) the facts of the case have been reviewed by the plaintiff's attorney with an

8

expert whose qualifications provide a reasonable expectation that the expert's opinions could be admissible at trial and that, in the opinion of this expert, one or more defendants deviated from the applicable standard of care and by that action caused injury to the plaintiff; or

(b) the expert review required by paragraph (a) could not reasonably be obtained before the action was commenced because of the applicable statute of limitations. If an affidavit is executed pursuant to this paragraph, the affidavit in paragraph (a) must be served on defendant or the defendant's counsel within 90 days after service of the summons and complaint.

**Subd. 4. Identification of experts to be called.** (a) The affidavit required by subdivision 2, clause (2), must be signed by each expert listed in the affidavit and by the plaintiff's attorney and state the identity of each person whom plaintiff expects to call as an expert witness at trial to testify with respect to the issues of malpractice or causation, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. Answers to interrogatories that state the information required by this subdivision satisfy the requirements of this subdivision if they are signed by the plaintiff's attorney and by each expert listed in the answers to interrogatories and served upon the defendant within 180 days after commencement of the suit against the defendant.

(b) and (c) omitted.

**Subd. 5. Responsibilities of a plaintiff as attorney.** If the plaintiff is acting pro se, the plaintiff shall sign the affidavit or answers to interrogatories referred to in this section and is bound by those provisions as if represented by an attorney.

**Subd. 6. Penalty for noncompliance.** (a) Failure to comply with subdivision 2, clause (1) within 60 days after demand for the affidavit results, upon motion, in mandatory dismissal with prejudice of each cause of action as to which expert testimony is necessary to establish a prima facie case.

(b) Failure to comply with subdivision 2, clause (2), results, upon motion, in mandatory dismissal with prejudice of each cause of action as to which expert testimony is necessary to establish a prima facie case,

(c) Failure to comply with subdivision 4 because of deficiencies in the affidavit or answers to interrogatories results, upon motion, in mandatory dismissal with prejudice of each cause of action as to which expert testimony is

requires affidavits of expert review for the purpose(s) of establishing that the malpractice allegations have merit. Id.. The statute first requires that the complaint be accompanied by an affidavit by the plaintiff or his counsel stating that a qualified expert has reviewed the facts of the case and, in the expert's opinion, the plaintiff has been injured as a result of the failure by one or more defendants to meet the standard of care. Minn. Stat. § 145.682, subd. 3(a). Thereafter, within 180 days following commencement of the action, the plaintiff must produce either an affidavit of a medical expert, or an interrogatory response, therein identifying expert trial witnesses, the facts and opinions as to which the expert(s) will testify, and a summary of each expert(s) opinions. Minn. Stat. § 145.682, subd. 4. The penalty for failure to comply with the expert review requirements is mandatory dismissal. Id., subd. 6.

Determination of whether the plaintiff is in need of medical treatment, describing the nature of the affliction and necessary treatment, and evaluation of the adequacy of a defendant's care are technical matters requiring expert review and opinion. See Paulos v. Johnson, 502 N.W.2d 397, 400 (Minn. App. 1993). The primary purpose for the statutory expert review requirement in a malpractice action is elimination of nuisance malpractice suits.

---

necessary to establish a prima facie case, provided that:

(1) the motion to dismiss the action identifies the claimed deficiencies in the affidavit or answers to interrogatories;

(2) the time for hearing the motion is at least 45 days from the date of service of the motion; and

(3) before the hearing on the motion, the plaintiff does not serve upon the defendant an amended affidavit or answers to interrogatories that correct the claimed deficiencies.

Lombardo v. Seydow-Weber, 529 N.W.2d 702, 703 (Minn. App. 1995) (review denied). Obviously, a plaintiff's inability to obtain an expert affidavit might serve to validate the purpose of the statute.

Plaintiff acknowledges that he did not timely serve either of the two expert affidavits required under Minn. Stat. § 145.682, but insists that his failure to comply with the statute is excusable, and no affidavit is required, under circumstances in which he produced medical records indicating the nature and severity of his affliction, the growth interfered with his daily activities, and an outside examiner had noted that something was going on underneath the skin.[22] With respect to whether expert testimony would be required to establish the necessity for particular treatment, plaintiff contends that the lesion itself, along with the drainage of pus and blood and the appearance of tiny holes, is sufficient evidence to establish a malpractice claim for failure to treat the growth because such facts are within the common sense and experience of the jury. See Todd v. Eitel Hospital, 237 N.W.2d 357, 361 (Minn. 1975) (diagnosis involves complexities of pathological diagnosis and non-medically trained jurors therefore are not competent to pass judgment).

The significant evidentiary difficulty facing the plaintiff in this instance is not only the failure to provide affidavits of expert review, but the reality that medical evidence that is available indicates that in the judgment of treating medical professionals, the surgical treatment that he seeks is not medically necessary, even though such a course of treatment might be desirable to plaintiff for cosmetic purposes or to eliminate a nuisance. The medical record contains evidence that the growth is benign and has been present for a significant period of time,

---

[22] Plaintiff's second response to the motion to dismiss [Docket No. 31].

including prior to incarceration. Furthermore, medical evidence indicates that surgical removal of the compound lesion would be complex, thereby justifying the inference that the treatment may involve significant risk and expense for a procedure that is not shown to be medically necessary. While the growth and its effects have been described as a nuisance and occasional source of discomfort to the plaintiff, he has not complained of significant or persistent pain associated with the lesion. The court expressly **finds** that expert testimony would be required to establish both a medical need for the treatment sought by the plaintiff in this matter and a deviance from the standard of care based upon the defendant's denial of such treatment. See Sorenson v. St. Paul Ramsey Medical Center, 457 N.W. 2d 188, 191 (Minn. 1990) (citing Chizmadia v. Smiley's Point Clinic, 873 F.2d 1163 (8th Cir. 1989)). Whether the failure to remove a lesion from which there have been periodic drainages can be recognized as evidence of negligence is not a determination that can be made solely on the basis of common knowledge and experience of a lay person, and without the benefit of expert testimony. See Tousignant v. St. Louis County, 615 N.W.2d 53, 58-60 (Minn. 2000). In the absence of an affidavit of expert review and identification of an expert witness and summary of expert testimony, plaintiff Daniel Ramirez has failed to establish the applicable standard of care and any deviation from such standard of care and therefore has not alleged a prima facie case of medical malpractice.[23] With

---

[23] As evidence that surgical removal of the lesion is the appropriate treatment, plaintiff offers the medical report by Dr. Holm in which the surgical option was discussed. However, plaintiff ignores the statements contained in the same document indicating that the lesion was a benign compound nevus and depending upon symptoms, could either be left alone or removed. While these later comments arguably could be construed as rebuttal evidence that should not be considered in an assessment of the prima facie case, Tousignant at 60, the plaintiff himself submitted the exhibit as an attachment to the complaint and again as an exhibit to his response in opposition to the motion to dismiss [Docket No. 31]. In any event, whether the statements that the lesion was benign and could be left alone are rebuttal or not, those statement are not the basis

12

respect to allegations of medical malpractice or medical negligence, those claims should be dismissed due to plaintiff's failure to submit the statutorily required affidavit of expert review, and dismissal is further mandated as a result of the failure to provide the affidavit of expert identification.

**Mandamus Relief**

Plaintiff Daniel Ramirez seeks affirmative relief in the form of surgical removal of the lesion on his cheek. 28 U.S.C. § 1361 states: "[t]he district courts shall have original jurisdiction of any actions in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Plaintiff in this case has alleged a claim in the nature of mandamus, and in the context of his claim the plaintiff asserts that the defendant is acting in deliberate indifference[24] to a medical need in refusing to provide medical care. Ramirez's pleadings do not expressly reference the prohibition against cruel and unusual punishment under the Eighth Amendment, but the plaintiff does assert the standard for violation of the Eighth Amendment, i.e. refusal to provide the requested treatment in deliberate indifference to a serious medical need, as a cause of action.

In order to survive summary judgment on a claim of deliberate disregard to a

---

of the determination as to whether expert testimony is needed to establish the standard of care in this matter.

[24] Compl., page 6, ¶ 26. The complaint expressly seeks relief via an "Order for surgery of a wound . . . ", and "injunctions for adequate mediacl (sic) treatment to inmates regardless of cost – when presented with matters such as Ramirez." Id., page 8. The prisoner cannot assert claims on behalf of other inmates, Martin v. Sargent. 780 F.2d 1334, 1337 (8th Cir. 1985). Also, an action for mandamus relief is separate from an action for damages under the FTCA. See Borntrager v. Stevas, 772 F.2d 419 (8th Cir. 1985). Therefore, the claim in the nature of mandamus is considered under the Eighth Amendment.

serious medical need the plaintiff must present prima facie evidence to demonstrate (1) that he had objectively serious medical needs and (2) that defendant actually knew of but deliberately disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997)). A serious medical need is a need that has been diagnosed by a physician as requiring treatment or that is so obvious that the necessity for professional attention would be easily recognized by a layperson. Coleman at 784 (citing Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995)). On such a claim the prisoner must demonstrate more than medical negligence. Givens v. Jones, 900 F.2d 1229, 1232 (8th Cir. 1990). The "deliberate indifference to a serious medical need must rise to the level of an unnecessary and wanton infliction of pain." Jorden v. Farrier, 788 F.2d 1347, 1348 (8th Cir. 1986). Failure to treat a medical condition is not punishment under the Eighth Amendment unless prison officials knew that the condition created excessive risk to the prisoner's health and then failed to act on that knowledge. Dulany v. Carnahan, 132 F.3d at 1239 (citing Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996)).

The evidence before the court with respect to a deliberate indifference/mandamus action is the same evidence that was considered in regard to medical malpractice claim under the FTCA. Plaintiff Daniel Ramirez has not directly presented Eighth Amendment arguments but he relies substantially on Dr. Holm's letter[25] to FCI–Sandstone Health Services for the proposition that surgical removal of the lesion is the appropriate and necessary treatment. However, as previously noted herein, the letter expressly states that the lesion could either be left alone or removal could be pursued. The letter nowhere states that removal is medically necessary and it

---

[25] [Docket No. 34-1], Pl. Mot. to Respond to the Mot. for Summary Judgment, Attach. 1.

references the biopsy report which revealed no evidence of malignancy.[26] In light of this evidentiary record the court must find as a matter of law that the plaintiff has not demonstrated an objectively serious medical need that has either been diagnosed by a doctor or would be recognized by a layperson, and plaintiff has certainly not established a prima facie case rising to the level of unnecessary and wanton infliction of pain. Furthermore, when delay in treatment is an component of an alleged constitutional deprivation, seriousness of the deprivation is measured by the effect of the delay, and the claim must be supported by verifying medical evidence in the record that establishes the detrimental effect of the delay. Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997)(citing Hill v. Dekalb Regional Youth Detention Ctr., 40 F.3d 1176, 1188 (11 Cir. 1994). No verifying medical evidence relating to the effect of delay in treatment is referenced in the compliant or elsewhere in the record in this case. In opposing the motion for summary judgment plaintiff fails to present objective evidence which is sufficient to support a claim of unnecessary and wanton infliction of pain and suffering or otherwise substantiate plaintiff's contentions with regard to his medical needs to extent necessary to establish a deliberate indifference claim and thereby obtain the mandamus relief that he seeks.

## RECOMMENDATION

Based upon the foregoing discussion, the magistrate judge **hereby recommends** that the motion for summary judgment by defendant United States be **granted** [Docket No. 25] and that the complaint in this matter be **dismissed** with prejudice [Docket No. 1].

---

[26] Compl., Attach.

Dated: February 4, 2013

 s/ Arthur J. Boylan
Arthur J. Boylan
United States Chief Magistrate Judge

   Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before February 19, 2013.